No. 04-00-00676-CV


Albert PEREZ, Jose Maldonado, and Raul Gutierrez,

Appellants


v.


TEXAS DISPOSAL SYSTEMS, INC.,

Appellee


From the 285th Judicial District Court, Bexar County, Texas

Trial Court No. 99-CI-14162

Honorable David Berchelmann, Jr., Judge Presiding


SUPPLEMENTAL OPINION ON REMAND


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: February 5, 2003


AFFIRMED IN PART, REVERSED AND RENDERED IN PART



 On original submission, a panel of this court considered whether an employer who seeks to
enforce a covenant not to compete may be awarded attorney's fees under Texas Business Code
section 15.51 (the Covenant Not to Compete Act, the "Act") or under Texas Civil Practice and
Remedies Code section 38.001(8) (1) when the trial court reforms the covenant and the employer
prevails but does not recover damages. The panel reversed the attorney's fee award, holding that
Texas Disposal Systems, Inc. ("TDS") was not entitled to attorney's fees under Business and
Commerce Code section 15.51(c). See Perez v. Texas Disposal Sys., Inc., 53 S.W.3d 480, 483 (Tex.
App.--San Antonio 2001, rev'd and remanded, 80 S.W.3d 593 (Tex. 2002). On further appeal to
the Texas Supreme Court, the Supreme Court did not consider whether this court erred in its holding;
instead, it remanded the cause back to this court for consideration of whether TDS was entitled to
attorney's fees under Civil Practice and Remedies Code section 38.001. Because we hold that the
Act preempts an award of attorney's fees under any other statute, TDS is not entitled to recovery of
its fees under section 38.001. 


ANALYSIS

 TDS asserts that section 15.51's silence on whether an employer can be awarded attorney's
fees does not mandate that fees cannot be awarded under another statute, such as section 38.001.
TDS relies on Williams v. Compressor Engineering Corp., 704 S.W.2d 469, 471 (Tex.
App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.) and Butler v. Arrow Mirror & Glass, Inc., 51
S.W.3d 787, 796 (Tex. App.--Houston [1st Dist.] 2001, no pet.). In Williams, the trial court
granted an injunction to the employer, but modified the scope of the original contract. The
Fourteenth District Court of Appeals held that the employer was entitled to attorney's fees under
section 38.001 because attorney's fees were in the nature of costs, not damages, and the employer
successfully prosecuted a breach of contract claim. Id. In Butler, the trial court enjoined the
appellants from doing business in Harris and Fort Bend Counties pursuant to a covenant not to
compete clause in Butler's employment agreement with his former employer, appellee, Arrow Mirror
and Glass, Inc. The trial court denied Arrow attorney's fees on the grounds that Arrow did not
adequately prove a pecuniary loss. Id. The First District Court of Appeals, relying on Williams, held
that Arrow was entitled to its fees because it was the prevailing party. Id. at 797.

 Williams may no longer apply because it was decided before the Act was enacted in 1989, and
Butler provides no direct support for TDS because the preemption issue was not raised in that case.
Further, TDS's argument ignores the following preemption language contained in the Act:

 The criteria for enforceability of a covenant not to compete provided by
Section 15.50 of this code and the procedures and remedies in an action to enforce
a covenant not to compete provided by Section 15.51 of this code are exclusive and
preempt any other criteria for enforceability of a covenant not to compete or
procedures and remedies in an action to enforce a covenant not to compete under
common law or otherwise. 

Tex. Bus. & Com. Code Ann. § 15.52 (Vernon Supp. 2002). (2)

 Various courts have held that the procedures and criteria for enforcing a covenant not to
compete are exclusive and preempt any other law. See Light v. Centel Cellular Co., 883 S.W.2d 642,
644 (Tex. 1994) (applying the Act "in lieu of 'any other criteria for enforceability of a covenant not
to compete or procedures and remedies in an action to enforce a covenant not to compete under
common law or otherwise.'"); Butler, 51 S.W.3d at 795 (relying on section 15.52 in holding that
showing by promisee of irreparable injury for which he has no adequate legal remedy is not a
prerequisite for obtaining injunctive relief under the Act); Lawrence v. CDB Servs., Inc., 16 S.W.3d
35, 44 (Tex. App.--Amarillo 2000) (noting that "through the Business and Commerce Code the
Legislature has . . . made the statutory provisions preemptive of other criteria for enforceability of
such agreements."), aff'd, 44 S.W.3d 544 (Tex. 2001); Gage Van Horn & Associates, Inc. v. Tatom,
26 S.W.3d 730, 733 (Tex. App.--Eastland 2000) (procedures and remedies set forth in the Act have
preemptive effect only in an action to enforce a covenant not to compete), pet. denied, 87 S.W.3d
536 (Tex. 2002).

 On original submission, this court denied TDS its attorney's fees under the Act, reasoning as
follows:

 Section 15.51(c)'s silence on whether an employer can recover attorney's fees
if a covenant not to compete has been reformed is significant because of the specificity
with which Section 15.51 addresses the recovery available to employers and
employees in an action to enforce a covenant not to compete. If the covenant meets
the criteria for enforceability set forth in Section 15.50, a court may award an
employer damages, injunctive relief, or both damages and injunctive relief. . . . If the
covenant not to compete does not meet the Section 15.50 criteria and the trial court
reforms the covenant, a court may award an employer injunctive relief only. . . . If
the covenant is ancillary to a personal services agreement and the employee
establishes certain elements, a court may award an employee costs, including
reasonable attorney's fees.


 An award of attorney's fees must be provided by the express terms of the
statute in question and may not be supplied by implication. Here, the Legislature
specified the remedies available to an employer and the circumstances under which
the employer was entitled to those remedies and the Legislature specifically provided
for an award of attorney's fees to an employee under certain circumstances.
Therefore, we assume the omission of an award of attorney's fees to an employer
when a contract is reformed has a purpose. We will not read an award of attorney's
fees to an employer under these circumstances into Section 15.51(c) by implication.


53 S.W.3d at 482-83 (citations and footnote omitted).

 In that opinion, the court strictly construed the language of the Act with regard to when an
employee or employer was entitled to attorney's fees. We also strictly construe section 15.52's
language that the "remedies in an action to enforce a covenant not to compete provided by Section
15.51 of this code are exclusive and preempt any other . . . remedies in an action to enforce a
covenant not to compete under common law or otherwise." Tex. Bus. & Com. Code Ann. § 15.52.
Just as the Act's criteria for enforcing a covenant not to compete preempt other law, so do the
remedies provided under the Act. See CRC-Evans Pipeline Int'l, Inc. v. Myers, 927 S.W.2d 259,
263 (Tex. App.--Houston [1st Dist.] 1996, no writ) (Act governs enforceability of covenants not to
compete, as well as procedures and remedies in an action such as this one). Accordingly, we hold
that the Act controls the award of attorney's fees, and section 15.52 preempts an award of fees under
any other law. 

 TDS's entitlement to attorney's fees, if any, is controlled by section 15.51 of the Act.
Because this court has already held that TDS is not entitled to fees under section 15.51, the trial court
erred in awarding TDS fees under Texas Civil Practice and Remedies Code section 38.001(8). We
reverse the trial court's judgment as to attorney's fees, and affirm the judgment in all other respects. 

 Sandee Bryan Marion, Justice

PUBLISH
1. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the
amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code
Ann. § 38.001(8) (Vernon 1997).
2. Contrary to TDS's contention that the Employees waived any argument under section 15.52, at trial the
Employees argued TDS was not entitled to fees under the Covenants Not to Compete Act, and on original appeal, the
Employees relied on section 15.52 for their argument that the procedures and remedies provided by section 15.51 were
exclusive.