Affirmed in part, Reversed and Remanded in part, and Opinion filed
November 25, 2003















Affirmed in
part, Reversed and Remanded in part, and Opinion filed November 25, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01053-CV

_______________

 

ROBERT
RASMUSSON, Appellant

 

V.

 

LBC PETROUNITED, INC., Appellee

_____________________________________________

 

On Appeal from
the 269th District Court

Harris County, Texas

Trial Court
Cause No. 00-54026

_____________________________________________

 

O P I N I O N

 

            In this employment dispute, Robert Rasmusson appeals a judgment in favor of LBC PetroUnited, Inc. (“LBC”) on the ground that the trial
court erroneously awarded LBC attorney’s fees. 
We affirm in part and reverse and remand in part.

Background

            Rasmusson
filed suit against LBC, his former employer, alleging fraud and breach of
contract.  LBC filed a counterclaim
seeking specific performance of the arbitration provision of the parties’
severance agreement (the “agreement”) and recovery of the attorney’s fees and
costs expended to compel arbitration. 
LBC then moved to compel arbitration, the trial court granted LBC’s motion, and the resulting arbitration award denied Rasmusson’s claims and referred the issue of attorney’s
fees and costs to compel arbitration back to the trial court.  Rasmusson
subsequently nonsuited the claims he had originally
filed in the trial court, and LBC filed a motion for judgment (the “motion”) on
its claim for attorney’s fees and costs. 
On September
 6, 2002, the trial court signed a final judgment (the
September judgment) awarding LBC those fees and costs.

Timeliness
of Appeal

            As a preliminary matter, LBC claims
that Rasmusson’s appeal should be dismissed because
it was untimely.  LBC contends that a
February 19, 2002 order (the “February order”), granting LBC attorney’s fees
and costs, was a final judgment because it disposed of the only claim then
remaining in the case and thus rendered Rasmusson’s
appeal, filed after the September judgment, untimely.

            In a case, such as this, where only
one final and appealable judgment can be rendered, a
judgment issued without a conventional trial is final for purposes of appeal
only if it either actually disposes of all claims and parties then before the
court, or states with unmistakable clarity that it is a final judgment as to
all claims and parties (even if it is not). 
Guajardo v. Conwell,
46 S.W.3d 862, 863-64 (Tex. 2001); Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 192-3, 200 (Tex.
2001).  Appellate timetables run from the
date an order granting a nonsuit is signed, rather
than the date a nonsuit is filed.  In re
Bennett, 960 S.W.2d 35, 38 (Tex. 1997).

            In this case, the record does not
contain a signed order that had granted Rasmusson’s
motion for nonsuit at the time the February order was
entered.  Therefore, the record does not
reflect that the February order actually disposed of all the claims remaining
at that time.  Nor did the February order
contain language purporting to dispose of all remaining claims 

 class=Section2>

and parties
or otherwise unequivocally express an intent to finally dispose of the case.[1]  Therefore, it was not a final order that
began the time period in which Rasmusson’s appeal had
to be filed and caused his appeal to be untimely.

Standard of
Review

            Although the motion does not contain
the term, “summary judgment,” it states that it was filed pursuant to Texas
Rule of Civil Procedure 166a, which describes the procedure and requirements
for summary judgment motions.  Similarly,
although the statement of facts in Rasmusson’s brief
states that the September judgment was entered without a motion for summary
judgment, the brief not only does not dispute that the motion was filed in
accordance with Rule 166a, it recites the summary judgment standard of review
as being applicable to the case.  We will
follow the same approach.

            A traditional motion for summary
judgment may be granted if the motion and summary judgment evidence show that
there is no genuine issue of material fact and the moving party is entitled to
judgment as a matter of law on the issues expressly set out in the motion or
response.  Tex. R. Civ. P. 166a.  In reviewing a traditional summary judgment,
we take all evidence favorable to the nonmovant as
true and resolve every doubt, and indulge every reasonable inference, in the nonmovant’s favor.  Tex. Commerce Bank, N.A. v. Grizzle, 96
S.W.3d 240, 252 (Tex. 2002).

Award of
Attorney’s Fees and Costs

            Rasmusson’s
sole point of error challenges the trial court’s award of attorney’s fees and
costs to LBC on the grounds that: (1) the law does not allow recovery of
attorney’s fees incurred in compelling arbitration; (2) the agreement
unambiguously provides that each party will bear its own attorney’s fees
incurred in any agreement dispute; (3) LBC failed to prove any contract damages
supporting an attorney’s fees award; (4) LBC waived its claim for attorney’s
fees when it failed to present its breach of contract claim to the arbitrator,
asking instead for fees incurred merely to compel arbitration; (5) the
attorney’s fees awarded were unreasonable and unnecessary; (6) LBC’s breach of contract claim was never adjudicated, and Rasmusson never got his day in court to assert his defenses
to it; and (7) LBC failed to provide any evidence in support of the costs
awarded.

            In support of his first argument, Rasmusson contends that section 171.092 of the Texas Civil
Practice and Remedies Code (“CPRC”) disallows recovery of attorney’s fees for
compelling arbitration.  However, that
section pertains to a judgment confirming, modifying, or correcting an award,
not an order compelling arbitration, as in this case.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 171.092(a) (Vernon Supp.
2004).[2]  Therefore, Rasmusson
has not demonstrated that the law precludes a recovery of attorney’s fees in
this case.

            In support of his second argument, Rasmusson argues that the award of attorney’s fees and
costs directly contradicts the plain language of the agreement, which requires
each party to bear his or its own costs incurred in any dispute arising from
the agreement:

Any
disputes arising under or in connection with this Agreement shall be resolved
by arbitration to be held in Houston, Texas in
accordance with the rules and procedures of the American Arbitration
Association.  All arbitration fees shall
be borne equally by [the parties] and [each shall be] responsible for any
attorneys’ fees or other expenses incurred by either [of them].

(the
“arbitration provision”).  On the
contrary, this provision applies only to fees and expenses incurred in
resolving disputes by arbitration, i.e.,
in accordance with the agreement, not to costs necessitated by a party’s
opposition to resolving disputes by arbitration, in contravention of the
agreement.  Therefore, Rasmusson has not demonstrated that the award of attorney’s
fees and costs is inconsistent with the agreement.

            Rasmusson
next contends that attorney’s fees could not be recovered by LBC under section
38.001(8) of the CPRC because LBC recovered no other monetary contract damages
besides the attorney’s fees and associated costs.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 38.001(8) (Vernon 1997)
(allowing recovery of attorney’s fees “in addition to the amount of a valid
claim” for breach of contract).  However,
a “valid claim” for this purpose is not limited to one for monetary damages[3] and
may include a claim for specific performance. 
See Jones v. Kelley, 614
S.W.2d 95, 96, 100-01 (Tex. 1981) (reforming judgment to award attorney’s fees,
in accordance with jury verdict, under predecessor statute to section 38.001 in
suit for specific performance of earnest money contract for sale of real
estate).  Because LBC sought attorney’s
fees in addition to its claim for specific performance of the arbitration
provision of the agreement, its failure to recover other money damages did not
preclude the award of attorney’s fees.

            Rasmusson
next contends that LBC waived asserting its claim for attorney’s fees as a claim for breach of contract by
instead presenting it to the arbitrator as merely a claim for fees to compel
arbitration.[4]  The only portion of our record that reflects
how LBC’s attorney’s fee claim was presented to the
arbitrator is the following exchange:

ARBITRATOR:          And
[LBC] is seeking attorney’s fees that it incurred in going to court and
compelling arbitration pursuant to the arbitration clause of the [agreement] .
. . .  Is that correct?

[LBC’S
COUNSEL]: Correct.

The arbitration award similarly
states:

            [LBC] seeks $16,707.50 in attorney’s
fees and $403.71 in court costs,[[5]]
both of which were incurred when compelling arbitration in this matter.  However, pursuant to the District Court’s
order compelling arbitration, and its subsequent abatement pending the
arbitration outcome, it appears that the merits of the case are to be
determined by the Arbitrator while the award of attorney’s fees and costs to
compel arbitration should be determined by the District Court.  Therefore, the Arbitrator refers the matter
of attorney’s fees and costs to the District Court for adjudication.

            *          *          *          *

            The cost of arbitration is to be
shared equally by the parties.  The issue
of attorney’s fees incurred in court to compel arbitration is reserved for the
District Court.

            All other relief not expressly
granted is denied.

(paragraph
numbers omitted).  While it is not clear
on what basis the arbitrator was distinguishing the “merits of the case” from
the award of attorney’s fees, we cannot say from this record that LBC presented
its claim for attorney’s fees to the arbitrator as something other than a
breach of contract claim and thereby waived its claim as such.[6]

            Rasmusson
next contends that the amount of attorney’s fees sought and recovered by LBC was
unreasonable and unnecessary for preparing and arguing a three-page motion to
compel arbitration at a fifteen-minute hearing. 
However, because Rasmusson filed neither a
cross-motion for summary judgment[7] nor
summary judgment evidence controverting that
supporting LBC’s motion on this issue,[8] we
can neither render judgment in Rasmusson’s favor nor
conclude that a fact issue was raised on the reasonableness and necessity of
the amount of attorney’s fees awarded.

            Rasmusson
next argues that LBC never had its breach of contract claim formally
adjudicated by the arbitrator or trial court and, accordingly, Rasmusson never got his day in court on his defenses to
those claims.  However, the motion
plainly referred to the arbitration provision and argued that Rasmusson’s filing of suit rather than submitting the
dispute to arbitration was a breach of the agreement as a matter of law,
causing LBC to incur expense in filing its motion to compel arbitration, as
described in the attached affidavit of LBC’s
attorney.  Rasmusson
filed a response to the motion (the “response”) in which he argued that: (1)
LBC waived the claim by failing to ask the arbitrator to rule on whether Rasmusson had breached the contract; (2) LBC’s request for relief from the court essentially sought
to modify or vacate the arbitrator’s award without satisfying the requisites
for doing so; and (3) he disputed the reasonableness and necessity of the fees
(but without supporting summary judgment evidence).  Under these circumstances, it is not apparent
how LBC’s breach of contract claim was not formally
adjudicated by summary judgment in its motion, Rasmusson’s
response, and the September judgment.

            Rasmusson
lastly asserts that the trial court erred in awarding costs against him because
LBC failed to provide any evidence of those costs.[9]  The only summary judgment evidence LBC
provided regarding costs was a single sentence in its attorney’s affidavit:
“Further, reasonable costs of $403.71 have been incurred in performing the
tasks cited above [to compel arbitration].” 
Because there is no indication of what these costs consisted of, there
is no basis to establish whether they were reasonable or necessary other than
the conclusory statement of the attorney, which is
insufficient to support a summary judgment.[10]  Therefore, we sustain Rasmusson’s
challenge to the sufficiency of the evidence to support the trial court’s award
of costs to LBC, reverse the portion of the judgment making that award, remand
that issue to the trial court for further proceedings, and affirm the remainder
of the judgment.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Opinion filed
November 25, 2003.

Panel consists of Justices Edelman,
Frost, and Guzman.

 

 











[1]           The entire body of the February order stated:

 

            Having considered all of the pleadings and the evidence
in this case, this Court finds that [LBC’s] Motion
for Judgment on Fees and Costs is GRANTED.

            It is ordered that LBC is entitled to the sum of
$16,707.50 in attorneys’ fees and $403.71 in costs for a total of $17,111.21.

 

By contrast, the September
judgment is not only entitled “Final Judgment” but contains language
unequivocally expressing an intent to finally dispose of the only remaining
claim in the case (even though an order granting Rasmusson’s
nonsuit was apparently never entered):

 

            This case came before the Court for final adjudication .
. . .  On September
 24, 2001, [Rasmusson] non-suited its [sic] own claims
leaving [LBC’s] counter-claim the only remaining
claim at issue in the case.

                        *          *          *          *

It is therefore,

                        *          *          *          *

            ORDERED, ADJUDGED AND DECREED that this is a Final
Judgment and that all relief sought in this case which is not specifically
granted is hereby denied.





[2]           Nor are we at liberty to extrapolate the effect of
this statute to circumstances outside its scope.  See
City of Garland v. Dallas Morning News, 22 S.W.3d 351, 358 (Tex. 2000) (noting that courts
are not responsible for omissions in legislation, but must take statutes as
they find them). 





[3]           Butler v. Arrow
Mirror & Glass, Inc., 51 S.W.3d 787, 796 (Tex. App.—Houston [1st Dist.] 2001, no pet.).





[4]           However, neither party has cited a basis to recover
attorney’s fees to compel arbitration other than under section 38.001 of the
CPRC.





[5]           The record does not reflect whether these costs were
actually taxable court costs.





[6]           Rasmusson’s brief states that the issue
presented in this case is whether the trial court had authority to award
attorney’s fees.  However, to the extent
the claim for attorney’s fees was within the scope of the arbitration
provision, Rasmusson’s brief does not challenge the
authority of the arbitrator to refer it back to the trial court or the trial
court’s authority to decide the issue based on that referral.





[7]           See, e.g., Dow Chem. Co. v.
Bright, 89
S.W.3d 602, 605 (Tex. 2002) (reiterating that when both  sides have moved for summary judgment, and
one motion is granted and the other denied, the appeals court determines all
questions presented and renders the judgment the trial court should have
rendered).





[8]           See, e.g., Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.
1995) (reiterating that once a movant produces
evidence sufficient to establish a right to summary judgment, the nonmovant must present evidence sufficient to raise a fact
issue).





[9]           LBC contends that Rasmusson
waived this complaint by failing to raise it in his response and that a trial
court’s award of attorney’s fees and costs is reviewed for abuse of
discretion.  However, a nonmovant need not respond to a motion for summary judgment
to contend on appeal that the movant’s summary
judgment proof is insufficient as a matter of law to support summary judgment. M.D. Anderson Hosp. and Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  Similarly, to whatever extent an award of
attorney’s fees and costs is reviewable for abuse of
discretion in other contexts, LBC has not cited, and we have not found, any
authority for doing so where such an award has been rendered by summary
judgment.





[10]          See Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex.
1999) (reversing summary judgment because expert’s affidavit, stating that
defendant met the applicable standard of care, did not explain its basis to
link that conclusion to the facts or explain why the procedure was medically
warranted); Burrow v. Arce,
997 S.W.2d 229, 235 (Tex. 1999) (reiterating that conclusory
statements made by an expert witness are insufficient to support summary
judgment).