Opinion issued May 2, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00671-CV

————————————

## MOHAMED ALBATAINEH, APPELLANT

## V.

## HOSSEIN M. ESHTEHARDI, JK & HE BUSINESS, LLC D/B/A JOY OF HOUSTON SPORTS BAR, APPELLEES

On Appeal from the 80ᵗʰ District Court
Harris County, Texas
Trial Court Cause No. 2011-51347

## MEMORANDUM OPINION

In this restrictive covenant case, a partner in a strip club venture sued his former partner, later ousted from the business, for breach of a settlement agreement and for declaratory and injunctive relief. After a bench trial, the trial court found a breach of the agreement. The breach arose from the former partner's violation of a

restrictive covenant prohibiting residential use of property near the strip club, property that had been parceled out to the former partner in the settlement agreement. Although the trial court awarded no money damages, it enjoined the ousted partner from using the property as a residence, and it awarded the aggrieved partner $119,000 in attorney's fees. On appeal, the ousted partner challenges the award of attorney's fees. We conclude that the trial court's injunctive relief requiring specific performance of the restrictive covenant is of value, and affords a recovery of attorney's fees to the aggrieved partner as a prevailing party. We affirm.

## Background

Hossein Eshtehardi and Mohamed Albataineh were partners in operating the Joy of Houston Sports Bar, a sexually oriented business. To comply with a Harris County regulation prohibiting sexually oriented businesses from operating within 1,500 feet of a residence, they purchased a nearby property specifically to prevent it from becoming a residence.

In December 2010, the partners had a falling out. As part of a buy-out settlement agreement, Albataineh received title to the property. Eshtehardi formed JK & HE Business, LLC to run the club. In their "Transfer and Settlement Agreement" the parties prohibited the use of the property as a residence, because the club's continued operation under Harris County regulations depended upon this

restriction. A special warranty deed transferring the property contained a restrictive covenant to the same effect. In May 2011, Albataineh leased the property to Michael Leo. The lease agreement expressly required that Leo use the property for residential purposes only. Eshtehardi and the corporation he formed sued Albataineh for breach of the agreement and restrictive covenant.

## Discussion

*Standard of Review*

We review a trial court's award of attorney's fees based on breach of contract for an abuse of discretion. *Weaver v. Jamar*, 383 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2012, no pet. h.). The test for an abuse of discretion is whether the trial court's decision was arbitrary or unreasonable. *Id.*

*Analysis*

Albataineh contends that Eshtehardi could not recover attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code, because Eshtehardi did not recover monetary damages. Section 38.001(8) provides for the recovery of reasonable attorney's fees in a claim on an oral or written contract "in addition to the amount of a valid claim and costs." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). A "valid claim" under section 38.001(8) is not limited to a claim for monetary damages. *Butler v. Arrow Mirror & Glass*, 51 S.W.3d 787, 797 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Instead, it

includes any claims for which the party recovers "at least something of value." *Id.* (quoting *Rogers v. RAB Ins., Ltd.*, 816 S.W.2d 543, 551 (Tex. App.—Dallas 1991, no writ)). An award of an injunction to enforce specific performance under a contract is something of value. *Id.* (holding that injunction enforcing covenant not to compete was something of value); *Williams v. Compressor Eng'g Corp.*, 704 S.W.2d 469, 474 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e) (same); *Rasmusson v. LBC PetroUnited, Inc.*, 124 S.W.3d 283, 287 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding that award of specific performance permitted recovery of attorney's fees under section 38.001).

Albataineh contends, citing *MBM Financial Corporation v. Woodlands Operating Company, L.P.*, that money damages in particular are required to recover attorney's fees under section 38.001. 292 S.W.3d 660, 670 (Tex. 2009). *MBM Financial* held that "a client must gain something before attorney's fees can be awarded." *Id.* at 663. It does not stand for the proposition that injunctive relief awarding specific performance precludes the recovery of attorney's fees under chapter 38. *See id.* at 670.

Eshtehardi obtained a permanent injunction prohibiting Albataineh from using the property as a residence—an award of specific performance of the parties' settlement agreement and of the restrictive covenant in the special warranty deed. The trial court heard evidence that the injunction was necessary, because

4

enforcement of the restrictive covenant has intrinsic value to Eshtehardi's continuing business operations. A judgment requiring specific performance of a material contract right can support an award of attorney's fees. *See Butler*, 51 S.W.3d at 797.

Accordingly, we hold that the trial court did not abuse its discretion in awarding attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. *See Butler*, 51 S.W.3d at 797.

### Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.