In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00217-CV
_____

TENS RX, INC., Appellant

V.

RANDI M. HANIS, Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 16-11-13495-CV

**MEMORANDUM OPINION**

Appellant TENS Rx, Inc. (TENS) appeals the trial court's order granting Appellee Randi M. Hanis (Hanis) summary judgment in its suit against Hanis for breach of contract and tortious interference with prospective relations. In granting the take-nothing summary judgment in favor of Hanis, the trial court found the covenant not to compete unenforceable. In one appellate issue, TENS argues the trial court erred in granting summary judgment in favor of Hanis because the covenant

1

not to compete is enforceable and meets the requirements of the Covenants Not to Compete Act (CNCA). *See* Tex. Bus. & Com. Code Ann. § 15.50-.52. We affirm the trial court's judgment.

Background

On November 21, 2016, TENS filed suit against Hanis. According to TENS's First Amended Original Petition, in 2013 Hanis obtained employment with TENS and executed an employment contract with the company.[1] The employment contract contained the following non-competition clause:

> 6.07 Covenant – Restriction of Competition. During the one year period following Employee's termination of the employment relationship Employee agrees that he shall not compete, either directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or in any other individual or representative capacity, engage or participate in any business that is in

---

[1] The employment agreement states that

. . . Employer is engaged and has been engaged for many years in the business of providing a wide range of electro-therapy products and services to the general public, and in particular, goods and devices such as TENS, Muscle Stim, Interferential, Microcurrent, and High-Volt Pulsed Galvanic therapies for home use by the patients of medical practitioners, including but not limited [to] those patients of medical doctors, clinics, chiropractors, and other individuals and entities engaged in the practice of medicine, chiropractic science, physical therapy and other practitioners of the healing arts in similar fields of practice (hereinafter referred to as "Employer's Customers"). The patients and other individuals and entities which actually purchase the Employer's goods and services by and through the relationship of the Employer with the Employer's Customers, are hereby referred to as the "Ultimate Customers".

competition in any manner whatsoever with the business of Employer in any state or geographical territory in which Employer is conducting, has conducted or anticipates conducting its business, nor shall Employee solicit for employment or encourage current employees of Employer to terminate their employment with Employer. Employee represents to Employer that the enforcement of the restriction against non-competition would not be unduly burdensome to Employee and that in order to induce Employer to employ the Employee and provide the Employee with training and disclose highly confidential information is sufficient consideration given by the Employer to Employee for the covenant not to compete and that this covenant is necessary to protect Employer's interests which the Employee agrees are worthy of protection. Employee further represents and acknowledges that Employee is willing and able to compete in other geographical areas not prohibited by the non-compete covenant. In the event that a court of competent jurisdiction determines that the non-compete covenant does not meet the requirements of §15.50 of the Texas Business & Commerce Code ("TBCC"), then Employer and Employee agree that Employer is deemed to have requested reformation by such court pursuant to §15.51(c) of the TBCC. Employee agrees that a breach or violation of the covenant not to compete by Employee shall entitle Employer, as a matter of right, to an injunction issued by any court of competent jurisdiction, restraining any further or continued breach or violation of this covenant. Such right to an injunction shall be cumulative and in addition to, and not in lieu of, any other remedies to which Employer may show itself justly entitled. Further, during any period in which Employee is in breach of this covenant not to compete, the time period of this covenant shall be extended for an amount of time that Employee is in breach hereof.

The representations and covenants contained in this Paragraph 6.07 on the part of Employee will be construed as ancillary to and independent of any other provision of this Agreement, and the existence of any claim or cause of action of Employee against Employer or any officer, director, or shareholder of Employer, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by Employer of the covenants of Employee contained in this paragraph. In addition, the provisions of this paragraph shall

3

continue to be binding upon Employee in accordance with its terms, notwithstanding the termination of Employee's employment.

The parties to this Agreement agree that the limitations contained in this paragraph with respect to geographic area, duration, and scope of activity are reasonable. However, if any court shall determine that the geographic area, duration, or scope of activity of any restriction contained in this paragraph is unenforceable, it is the intention of the parties that such restrictive covenant set forth herein shall not thereby be terminated but shall be deemed amended to the extent required to render it valid and enforceable.

The amended petition further alleges that Hanis terminated her employment with TENS on October 3, 2016, and immediately sought employment with, and continues to be employed by, a direct competitor of TENS in violation of the employment contract. In its amended petition, TENS asserted causes of action for breach of contract and tortious interference with prospective relations. TENS also pleaded specific performance and requested that the trial court order Hanis to immediately cease competition with TENS.

Hanis filed an answer and a traditional motion for summary judgment. In her motion for summary judgment, Hanis stated that she has worked in portable durable medical equipment sales since 2002, and she argued that the non-competition agreement is unenforceable because it does not have a reasonable limitation as to geographic area and does not have a reasonable limitation on the scope of activity to be restrained.

4

Hanis argued that Paragraph 6.07's overly broad prohibition of competition "in any state or geographical territory in which Employer is conducting, has conducted or anticipates conducting its business[]" is based only on the activities of TENS and bears no relation to her activities. Hanis also argued that this restriction is not limited to a defined territory or even a geographic area in which TENS did business while Hanis was employed with TENS.

As to Paragraph 6.07's restriction on scope of activity, Hanis argued it amounts to an unenforceable industry-wide prohibition. According to Hanis, Paragraph 6.07's language that she "agrees that [s]he shall not compete, either directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or in any other individual or representative capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of Employer" is based on TENS's activities not Hanis's, restricts her ability to contact TENS's customers whether she has worked with them or not, and prohibits her from selling goods or providing services to ultimate customers TENS would not, did not, or could not service. Hanis attached her affidavit to the motion and averred that when presented with the employment contract, she had serious reservations about signing the contract because it included a non-competition agreement, but she was informed by a TENS

5

employee that the non-competition portion of the contract was a mere formality, not material to the contract, and would not be enforced. According to Hanis's affidavit, she signed the agreement based on these assurances. Hanis averred that she terminated her employment with TENS on October 3, 2016, and she went to work with Analgesic Health Care in Florida, with whom she had previously been employed.

TENS filed a response to the motion for summary judgment and argued that by executing the agreement, Hanis agreed with the language of Paragraph 6.07 that states the covenant not to compete is not unduly burdensome, the geographic restrictions were reasonable, and acknowledges that TENS conducted sales on a nationwide basis with a significant amount of business in Texas and Florida. According to TENS, "[i]t is disingenuous for Hanis to now assert the contrary." TENS argued in the alternative that if the trial court found the terms of the covenant not to compete unreasonable, that the trial court should not grant summary judgment but instead reform the covenant not to compete to the extent necessary pursuant to section 15.51(c) of the Texas Business and Commerce Code and in accordance with the terms of the employment contract Hanis signed.

After submission, the trial court issued a written order granting summary judgment in favor of Hanis. The trial court found that the "non-competition

6

agreement is not reasonable in geographic scope or scope of activity to be restrained and is therefore unenforceable." TENS filed a motion for new trial and motion for reconsideration, which the trial court denied. TENS appealed.

Issue on Appeal

In its sole issue on appeal, TENS argues that the trial court erred in granting summary judgment in favor of Hanis by finding the covenant not to compete was not reasonable in geographic scope or scope of activity to be restrained and was therefore unenforceable. TENS asserts that the terms of the covenant not to compete are reasonable, the covenant states that the terms are reasonable, and that Hanis "admits" the "fact" that the terms are reasonable by executing the agreement. Furthermore, TENS maintains that if the trial court believed the covenant not to compete was unreasonable, it should have reformed the covenant not to compete instead of finding it unenforceable.

Standard of Review and Applicable Law

In a traditional motion for summary judgment, the movant has the burden of showing, with competent proof, that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). When a defendant is the movant for summary judgment, it has the burden to conclusively negate at least one essential

7

element of the plaintiff's cause of action, or conclusively establish each element of an affirmative defense. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 476-77 (Tex. 1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310-11 (Tex. 1984). If the moving party produces evidence entitling it to summary judgment, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centerpoint Builders GP, LLC v. Trussway Ltd.*, 436 S.W.3d 882, 885 (Tex. App.—Beaumont 2014), *aff'd*, 496 S.W.3d 33, 36 (Tex. 2016). In deciding whether a disputed material fact issue exists precluding summary judgment, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to it as true. *See Nixon*, 690 S.W.2d at 548-49; *Centerpoint Builders*, 436 S.W.3d at 885.

The enforceability of a covenant not to compete is a question of law. *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 644 (Tex. 1994); *Sadler Clinic Ass'n, P.A. v. Hart*, 403 S.W.3d 891, 895 (Tex. App.—Beaumont 2013, pet. denied). "The hallmark of enforcement is whether or not the covenant is reasonable." *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 777 (Tex. 2011).

> [A] covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

Tex. Bus. & Com. Code Ann. § 15.50(a).

Because the covenant not to compete signed by Hanis relates to a provision of personal services, TENS has the burden of proving that its terms comply with the CNCA. *See id.* § 15.51(b) ("If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, for a term or at will, the promisee has the burden of establishing that the covenant meets the criteria specified by Section 15.50 of this code."); *Dickerson v. Acadian Cypress & Hardwoods, Inc.*, No. 09-13-00299-CV, 2014 Tex. App. LEXIS 3889, at *21 (Tex. App.—Beaumont Apr. 10, 2014, no pet.) (mem. op.) (construing an employment agreement by a sales employee as a personal services contract).

## Geographic Limits and Scope of Activity

On appeal, TENS cites no authority to support the reasonableness of the restrictions challenged in Hanis's motion for summary judgment. Instead, TENS merely states that Hanis "admits" that they are reasonable because she signed the covenant stating that the restrictions were reasonable. In the trial court and now on appeal Hanis argues Paragraph 6.07's prohibition of her working "in any state or geographical territory in which Employer is conducting, has conducted or anticipates conducting its business[]" is overly broad and based only on the activities of TENS,

bears no relation to her activities, and is not limited to a defined territory or even a geographic area TENS did business in while Hanis was employed with TENS.

In determining the reasonableness of a covenant not to compete, we consider whether the covenant contains limitations that are reasonable as to geographical area and do not "impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." *Marsh*, 354 S.W.3d at 777. A restraint is unnecessary if it is broader than necessary to protect the legitimate interests of the employer. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 682-84 (Tex. 1990). Whether a covenant is a reasonable restraint on trade is a question of law for the court. *Emmons v. Stewart Glass & Mirror*, Inc., No. 09-95-119-CV, 1996 Tex. App. LEXIS 2892, at *7 (Tex. App.—Beaumont Jan. 25, 1996, no writ); *John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80, 85 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *see also Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 386-88 (Tex. 1991). The Texas Supreme Court has held that an industry-wide exclusion is unreasonable. *Haass*, 818 S.W.2d at 386-88.

The territory in which the employee worked for an employer is generally considered to be the benchmark of a reasonable geographical restriction. *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 793 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 660 (Tex. App.—Dallas

10

1992, no writ). "Noncompete covenants with broad geographical scopes have been held unenforceable, particularly when no evidence establishes that the employee actually worked in all areas covered by the covenant." *Zep Mfg. Co*., 824 S.W.2d at 661. Here, there is no definite territory stated and no evidence that Hanis worked in all areas covered by the covenant. It is also unreasonable to impose a condition upon Hanis that would require her to know where TENS "anticipates doing its business." *See Cobb v. Caye Publ'g Grp., Inc.*, 322 S.W.3d 780, 785 (Tex. App.—Fort Worth 2010, no pet.) ("The parties have not cited, and we have not found, a case in which a geographical limitation including areas where an employer does not currently operate but has targeted for future potential expansion, standing alone, is reasonable."). We conclude the geographic restriction in the covenant not to compete here is significantly broader than the geographic scope of Hanis's employment with TENS. The covenant is broader than is reasonably necessary to protect the interests of TENS. *See Marsh*, 354 S.W.3d at 777; *see also Zep Mfg. Co*., 824 S.W.2d at 661.

As to the restriction on the scope of activity, Hanis argues that the language in Paragraph 6.07 that "[s]he shall not compete, either directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or in any other individual or representative capacity, engage or participate in any business that is in competition in any manner whatsoever

11

with the business of Employer" is based on TENS's activities not Hanis's, restricts her ability to contact TENS's customers whether she has worked with them or not, and prohibits her from selling goods or providing services to ultimate customers TENS would not, did not, or could not service. Hanis argues this provision amounts to an unenforceable industry-wide prohibition.

The law is well settled that "[i]n the case of covenants applied to a personal services occupation, such as that of a salesman, a restraint on client solicitation is overbroad and unreasonable when it extends to clients with whom the employee had no dealings during his [or her] employment." *Stroman*, 923 S.W.2d at 85 (citing *Haass*, 818 S.W.2d at 386-88; *Daytona Grp. of Tex., Inc. v. Smith*, 800 S.W.2d 285, 288 (Tex. App.—Corpus Christi 1990, writ denied)). We conclude that the scope of activity contained in the non-competition provision is unreasonable in that it prohibits Hanis from soliciting clients that she had no dealings with when employed by TENS. *See id*. Furthermore, the overly-broad language prohibits Hanis from directly or indirectly competing, engaging, or participating in any business that is in competition in any manner with TENS's business. Because this restriction is not limited to the type of work Hanis performed for TENS, it also unreasonably limits the scope of activity to be restrained. *See id.*

12

TENS also contends that the trial court erred in not reforming the covenant not to compete to the extent necessary. The CNCA provides in pertinent part:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed[.]

Tex. Bus. & Com. Code Ann. § 15.51(c). Assuming without deciding that the covenant is ancillary to or part of an otherwise enforceable agreement, we conclude that the exercise of reformation in this case would be futile as the covenant not to compete expired by its own terms on October 3, 2017, one year from the date of termination of Hanis's employment. *See Stroman*, 923 S.W.2d at 85 (explaining covenant expired so "any reformation of that provision by the trial court would have been an exercise in futility."). Because the covenant not to compete is unenforceable as written, TENS is precluded from recovering damages on its claims. *See* Tex. Bus. & Com. Code Ann. 15.51(c) (stating court must reform unreasonable covenant and enforce it as reformed "except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief[]"); *see also Haass*, 818 S.W.2d at 388

13

("Since [plaintiff] obtained no reformation of the covenant before [defendant's] actions for which it sought damages, the act would prohibit [plaintiff] from obtaining damages.").

In summary, the trial court did not err in granting summary judgment on the basis that the covenant not to compete was unenforceable because it was unreasonable in its geographic restriction and scope of activity to be restrained. And, the trial court did not err in not reforming the covenant because the term of the covenant had already expired and any reformation by the trial court would have been an exercise in futility.

We overrule Appellant's issue on appeal and affirm the trial court's judgment.

AFFIRMED.

                                                    _____
                                                    LEANNE JOHNSON
                                                    Justice

Submitted on October 25, 2019
Opinion Delivered December 5, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.