Albert **PEREZ**, Jose Maldonado, and Raul Gutierrez, Appellants,

v.

**TEXAS DISPOSAL SYSTEMS, INC., Appellee.**

No. 04–00–00676–CV.

Court of Appeals of Texas, San Antonio.

July 25, 2001.

Jeffrey Bryan, Rosemarie Kanusky, W. Wendell Hall, San Antonio, R. Michael Moore, Scott R. McLaughlin, Fulbright & Jaworski, L.L.P., Houston, for Appellant.

Lawrence D. Smith, Olgetree, Deakins, Nash, Smoak & Stewart, P.C., San Antonio, for Appellee.

Sitting TOM RICKHOFF, ALMA L. LÓPEZ and SARAH B. DUNCAN, Justices.

## OPINION

TOM RICKHOFF, Justice.

We are asked to decide whether an employer who seeks to enforce a covenant not to compete may be awarded attorney's fees under Texas Business Code section 15.51 or under Texas Civil Practice and Remedies Code section 38.001(8) when the trial court reforms the covenant and the employer prevails but does not recover damages. Because we hold that an employer is not entitled to attorney's fees under Section 15.51, we reverse.

## BACKGROUND

Texas Disposal Systems, Inc. ("TDS") sued its former employees, Albert Perez, Jose Maldonado, and Raul Gutierrez ("the Employees") for violation of covenants not to compete contained in their employment contracts. TDS asked for an injunction and attorney's fees and costs; TDS did not ask for damages for breach of the non-compete agreements. After a bench trial, the court enjoined the Employees from engaging in certain activities, but reformed the covenants not to compete to make them narrower in scope. The trial court did not award damages to TDS, but awarded TDS attorney's fees and costs. The Employees appeal on the issue of attorney's fees alone.

## ANALYSIS

■ As a general rule, unless expressly provided for by statute or contract, attorney's fees incurred in the defense or prosecution of a lawsuit are not recoverable. *Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 95 (Tex.1999). We review a trial court's award of attorney's fees under an abuse of discretion standard. *Copeland v. Alsobrook,* 3 S.W.3d 598, 609 (Tex. App.—San Antonio 1999, pet. denied). The trial court's construction of a restrictive covenant and remedies for its breach are matters of law for our decision. *Williams v. Compressor Eng'g Corp.,* 704 S.W.2d 469, 471 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Here, there is no contractual basis for an award of attorney's fees; therefore, TDS's recovery of attorney's fees must be authorized by statute.

TDS argues its recovery is authorized by either Texas Business Code section 15.51 or Civil Practice and Remedies Code section 38.001(8). The Employees assert the only statutory basis upon which TDS could recover attorney's fees is Section 15.51, which they argue does not allow employers to recover attorney's fees.

■ Section 15.51 provides as follows:

(a) Except as provided in Subsection (c) of this section, a court may award the promisee under a covenant not to compete damages, injunctive relief, or both damages and injunctive relief for a breach by the promisor of the covenant.

(b) If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, for a term or at will, the promisee has the burden of establishing that the covenant meets the criteria specified by Section 15.50 of this code. If the agreement has a different primary purpose, the promisor has the burden of establishing that the covenant does not meet those criteria. For the purposes of this subsection, the "burden of establishing" a fact means the burden of persuading the triers of fact that the

existence of the fact is more probable than its nonexistence.

(c) If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, *the court shall reform the covenant to the extent necessary* to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed, *except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.* If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, the promisor establishes that the promisee knew at the time of the execution of the agreement that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promisee, and the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promisee, *the*

*court may award the promisor the costs, including reasonable attorney's fees,* actually and reasonably incurred by the promisor in defending the action to enforce the covenant.

Tex. Bus. & Com.Code Ann. § 15.51 (Vernon Supp.2001) (emphasis added). The Employees rely on the above-emphasized language to argue that Section 15.51 precludes an award of attorney's fees to an employer, especially where, as here, the employer may not recover monetary damages when the covenant is reformed. TDS counters that if the Legislature had intended to ban employers from recovering attorney's fees, it would have said as much.

Section 15.51(c)'s silence on whether an employer can recover attorney's fees if a covenant not to compete has been reformed is significant because of the specificity with which Section 15.51 addresses the recovery available to employers and employees in an action to enforce a covenant not to compete. If the covenant meets the criteria for enforceability set forth in Section 15.50, a court may award an employer damages, injunctive relief, or both damages and injunctive relief. Tex. Bus. & Com.Code Ann. § 15.51(a). If the covenant not to compete does not meet the Section 15.50 criteria and the trial court reforms the covenant, a court may award an employer injunctive relief only. Tex. Bus. & Com.Code Ann. § 15.51(c); *see also Peat Marwick Main & Co. v. Haass,* 818 S.W.2d 381, 388 (Tex.1991) (noting that Section 15.51(c) expressly provides a court may not award damages to the promisee and relief shall be limited to injunctive relief).[1] If the covenant is ancillary to a

---

1. The *Peat Marwick* Court stated, "The purpose of the Covenant Not To Compete Act was to return Texas' law generally to the common-law as it existed before *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d 168 (Tex.1987). Texas common-law before *Hill* provided that when the suit was at law for damages, the restrictive provision had to stand or fall as written and could not be reformed to make it reasonable." *Id.* "The Legislature may have modified this law because Section 15.51(c) allows reformation of a covenant not to compete that

personal services agreement and the employee establishes certain elements, a court may award an employee costs, including reasonable attorney's fees. TEX. BUS. & COM.CODE ANN. § 15.51(c).

■ An award of attorney's fees must be provided by the express terms of the statute in question and may not be supplied by implication. *Holland,* 1 S.W.3d at 95. Here, the Legislature specified the remedies available to an employer and the circumstances under which the employer was entitled to those remedies and the Legislature specifically provided for an award of attorney's fees to an employee under certain circumstances. Therefore, we assume the omission of an award of attorney's fees to an employer when a contract is reformed has a purpose. *See, e.g., Holland,* 1 S.W.3d at 95–96; *Quick v. City of Austin,* 7 S.W.3d 109, 122–23 (Tex. 1998); *Koch v. Koch,* 27 S.W.3d 93 (Tex. App.—San Antonio 2000, no. pet.). We will not read an award of attorney's fees to an employer under these circumstances into Section 15.51(c) by implication.

Accordingly, the judgment of the trial court as to the award of attorney's fees is reversed. The trial court's judgment is affirmed in all other respects.

---

does not meet the criteria specified by Section 15.50 (*i.e.,* contains unreasonable limitations by 'impos[ing] a greater restraint than is necessary to protect the goodwill or other business interest of the promisee')." *Id.* "But section 15.51(c) expressly provides that 'the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.'" *Id.*