**Albert PEREZ, Jose Maldonado, and Raul Gutierrez, Appellants,**

**v.**

**TEXAS DISPOSAL SYSTEMS, INC., Appellee.**

No. 04–00–00676–CV.

Court of Appeals of Texas, San Antonio.

Feb. 5, 2003.

W. Wendell Hall, Jeffrey Bryan, Rosemarie Kanusky, San Antonio, R. Michael Moore, Scott R. McLaughlin, Houston, Fulbright & Jaworski L.L.P., for Appellants.

Lawrence D. Smith, John J. Franco, Jr., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## SUPPLEMENTAL OPINION ON REMAND

Opinion by: SANDEE BRYAN MARION, Justice.

On original submission, a panel of this court considered whether an employer who

seeks to enforce a covenant not to compete may be awarded attorney's fees under Texas Business Code section 15.51 (the Covenant Not to Compete Act, the "Act") or under Texas Civil Practice and Remedies Code section 38.001(8) [1] when the trial court reforms the covenant and the employer prevails but does not recover damages. The panel reversed the attorney's fee award, holding that Texas Disposal Systems, Inc. ("TDS") was not entitled to attorney's fees under Business and Commerce Code section 15.51(c). *See Perez v. Texas Disposal Sys., Inc.*, 53 S.W.3d 480, 483 (Tex.App.-San Antonio 2001), *rev'd and remanded*, 80 S.W.3d 593 (Tex.2002). On further appeal to the Texas Supreme Court, the Supreme Court did not consider whether this court erred in its holding; instead, it remanded the cause back to this court for consideration of whether TDS was entitled to attorney's fees under Civil Practice and Remedies Code section 38.001. Because we hold that the Act preempts an award of attorney's fees under any other statute, TDS is not entitled to recovery of its fees under section 38.001.

## ANALYSIS

TDS asserts that section 15.51's silence on whether an employer can be awarded attorney's fees does not mandate that fees cannot be awarded under another statute, such as section 38.001. TDS relies on *Williams v. Compressor Engineering Corp.*, 704 S.W.2d 469, 471 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) and *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 796 (Tex.App.-Houston [1st Dist.] 2001, no pet.). In *Williams*, the trial court granted an injunction to the employer, but modified the scope of the

original contract. The Fourteenth District Court of Appeals held that the employer was entitled to attorney's fees under section 38.001 because attorney's fees were in the nature of costs, not damages, and the employer successfully prosecuted a breach of contract claim. *Id.* In *Butler*, the trial court enjoined the appellants from doing business in Harris and Fort Bend Counties pursuant to a covenant not to compete clause in Butler's employment agreement with his former employer, appellee, Arrow Mirror and Glass, Inc. The trial court denied Arrow attorney's fees on the grounds that Arrow did not adequately prove a pecuniary loss. *Id.* The First District Court of Appeals, relying on *Williams*, held that Arrow was entitled to its fees because it was the prevailing party. *Id.* at 797.

*Williams* may no longer apply because it was decided before the Act was enacted in 1989, and *Butler* provides no direct support for TDS because the preemption issue was not raised in that case. Further, TDS's argument ignores the following preemption language contained in the Act:

> The criteria for enforceability of a covenant not to compete provided by Section 15.50 of this code and the procedures and remedies in an action to enforce a covenant not to compete provided by Section 15.51 of this code are exclusive and preempt any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise.

TEX. BUS. & COM.CODE ANN. § 15.52 (Vernon Supp.2002).[2]

---

1. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written

contract." TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997).

2. Contrary to TDS's contention that the Employees waived any argument under section

Various courts have held that the procedures and criteria for enforcing a covenant not to compete are exclusive and preempt any other law. *See Light v. Centel Cellular Co.*, 883 S.W.2d 642, 644 (Tex.1994) (applying the Act "in lieu of 'any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise.'"); *Butler*, 51 S.W.3d at 795 (relying on section 15.52 in holding that showing by promisee of irreparable injury for which he has no adequate legal remedy is not a prerequisite for obtaining injunctive relief under the Act); *Lawrence v. CDB Servs., Inc.*, 16 S.W.3d 35, 44 (Tex.App.-Amarillo 2000) (noting that "through the Business and Commerce Code the Legislature has ... made the statutory provisions preemptive of other criteria for enforceability of such agreements."), *aff'd*, 44 S.W.3d 544 (Tex.2001); *Gage Van Horn & Associates, Inc. v. Tatom*, 26 S.W.3d 730, 733 (Tex. App.-Eastland 2000) (procedures and remedies set forth in the Act have preemptive effect only in an action to enforce a covenant not to compete), *pet. denied*, 87 S.W.3d 536 (Tex.2002).

On original submission, this court denied TDS its attorney's fees under the Act, reasoning as follows:

Section 15.51(c)'s silence on whether an employer can recover attorney's fees if a covenant not to compete has been reformed is significant because of the specificity with which Section 15.51 addresses the recovery available to employers and employees in an action to enforce a covenant not to compete. If the covenant meets the criteria for enforceability set forth in Section 15.50, a court may award an employer damages,

injunctive relief, or both damages and injunctive relief. . . . If the covenant not to compete does not meet the Section 15.50 criteria and the trial court reforms the covenant, a court may award an employer injunctive relief only. . . . If the covenant is ancillary to a personal services agreement and the employee establishes certain elements, a court may award an employee costs, including reasonable attorney's fees.

An award of attorney's fees must be provided by the express terms of the statute in question and may not be supplied by implication. Here, the Legislature specified the remedies available to an employer and the circumstances under which the employer was entitled to those remedies and the Legislature specifically provided for an award of attorney's fees to an employee under certain circumstances. Therefore, we assume the omission of an award of attorney's fees to an employer when a contract is reformed has a purpose. We will not read an award of attorney's fees to an employer under these circumstances into Section 15.51(c) by implication.

53 S.W.3d at 482–83 (citations and footnote omitted).

■■■ In that opinion, the court strictly construed the language of the Act with regard to when an employee or employer was entitled to attorney's fees. We also strictly construe section 15.52's language that the "remedies in an action to enforce a covenant not to compete provided by Section 15.51 of this code are exclusive and preempt any other ... remedies in an action to enforce a covenant not to compete under common law or otherwise." TEX. BUS. & COM.CODE ANN. § 15.52. Just as the Act's criteria for enforcing a covenant

---

15.52, at trial the Employees argued TDS was not entitled to fees under the Covenants Not to Compete Act, and on original appeal, the

Employees relied on section 15.52 for their argument that the procedures and remedies provided by section 15.51 were exclusive.

not to compete preempt other law, so do the remedies provided under the Act. *See CRC–Evans Pipeline Int'l, Inc. v. Myers*, 927 S.W.2d 259, 263 (Tex.App.-Houston [1st Dist.] 1996, no writ) (Act governs enforceability of covenants not to compete, as well as procedures and remedies in an action such as this one). Accordingly, we hold that the Act controls the award of attorney's fees, and section 15.52 preempts an award of fees under any other law.

TDS's entitlement to attorney's fees, if any, is controlled by section 15.51 of the Act. Because this court has already held that TDS is not entitled to fees under section 15.51, the trial court erred in awarding TDS fees under Texas Civil Practice and Remedies Code section 38.001(8). We reverse the trial court's judgment as to attorney's fees, and affirm the judgment in all other respects.