**Affirmed and Opinion filed April 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00290-CV

## FRANLINK, INC., D/B/A LINK STAFFING SERVICES, Appellant,

## V.

## GJMS UNLIMITED, INC., GLORIA M. SALAZAR AND JAIME LEE SALAZAR, Appellees.

**On Appeal from the 281st District Court**
**Harris County**
**Trial Court Cause No. 2011-01323**

## O P I N I O N

Appellant Franlink, Inc., d/b/a Link Staffing Services (Link), sued its former franchisees for injunctive relief to prevent the breach of a noncompete provision in their franchise agreement. After a bench trial, the trial court granted a permanent injunction in favor of Link, but denied Link's request for attorney's fees. On appeal, Link contends the trial court abused its discretion by failing to award it attorney's fees. We affirm.

# I

Link is a temporary-staffing company that operates through franchisees. Appellees Gloria and Jaime Salazar became Link franchisees in 1996 and remained franchisees until January 9, 2011, when the last franchise agreement between Link and the Salazars expired. The franchise agreement contained a noncompete provision prohibiting the Salazars from owning or operating a competing business within a designated market area or soliciting Link's clients for two years after its expiration.

The Salazars informed Link that they intended to open their own staffing business through their company, GJMS Unlimited.[1] To prevent GJMS Unlimited from competing directly with Link, Link preemptively filed suit against GJMS Unlimited and the Salazars, seeking injunctive relief to enforce the noncompete provision. Link also sought attorney's fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code. The Salazars answered and counterclaimed, alleging that the noncompete provision was overly broad and unreasonable as to time, geographical area, and scope of activity, and requesting that the court modify the restraints imposed.

After an evidentiary hearing on Link's request for temporary injunctive relief, the trial court signed an agreed order enjoining the Salazars and GJMS Unlimited from directly competing with Link pending the trial on the merits. In so doing, however, the trial court reformed the franchise agreement's noncompete provision to narrow its geographical area and scope. At the trial on Link's request for a permanent injunction, Link sought to expand the trial court's previously ordered restrictions on the noncompete provision. Link also presented one of its law firm's attorneys to provide expert testimony on its request for attorney's fees.

---

[1] We will refer to the Salazars and GJMS Unlimited collectively as "the Salazars."

The Salazars objected to the attorney's testimony on the grounds that Link had failed to provide an expert report or any billing records in response to the Salazars' request for disclosures. Link responded that its expert was not going to rely on any billing records, but only on her knowledge about the work performed on the case and on her experience. The trial court took the Salazars' objection under advisement and allowed the expert to testify concerning attorney's fees. After the expert finished testifying, the Salazars did not request a ruling on their objection and the trial court did not make one.

After trial, the trial court sent a memorandum to the parties summarizing its findings and requesting that the parties submit a proposed judgment. In the memorandum, the trial court informed the parties that it intended to render a permanent injunction substantially similar to the temporary injunction previously ordered, continuing until January 9, 2013. The trial court also indicated that it was denying Link's request for attorney's fees.

Link filed a motion for entry of judgment arguing that it was entitled to an award of reasonable and necessary attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. The Salazars filed a competing motion for entry of judgment. They argued that Link was not entitled to attorney's fees because section 15.52 of the Texas Business and Commerce Code preempts such an award when the trial court reforms a disputed covenant not to compete. The Salazars also contended Link's failure to respond timely and adequately to their request for disclosures precluded an award of attorney's fees.

On March 1, 2012, the trial court signed a final judgment, which did not include an award of attorney's fees to Link. No findings of fact and conclusions of law were requested or made. This appeal followed.

## II

In a single issue, Link contends that the trial court erred in denying its request for attorney's fees because, as the prevailing party, Link was entitled to an award of attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. Further, Link argues, the preemption provision of the Covenants Not to Compete Act does not bar an award of attorney's fees. *See* Tex. Bus. & Comm. Code §§ 15.50–.52 (the "Act"). Having carefully considered Link's arguments, the applicable case law, and the relevant statutory provisions, we hold that the trial court did not err, for the reasons discussed below.

## A

A party cannot recover attorney's fees unless permitted by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Generally, we review the trial court's decision whether to award attorney's fees for abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 55 (Tex. App.—Houston [14th Dist.] 2003, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or when it fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

We review issues of statutory construction de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). In construing statutes, our primary objective is to give effect to the legislature's intent as expressed in the statute's language. *MCI Sales and Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010). We rely on the plain meaning of the text unless enforcement of the plain meaning would produce absurd results. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *City of Rockwall*, 246 S.W.3d at 625–26.

4

Moreover, we determine legislative intent from the statute as a whole and not from isolated portions. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp*., 283 S.W.3d 838, 842 (Tex. 2009). If the statutory language is unambiguous and yields only one reasonable interpretation, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003).

B

Link argues that, as a prevailing party, it was entitled to attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8) ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs" if the claim is for "an oral or written contract."); *see also Hassell Constr. Co., Inc. v. Stature Commercial Co., Inc*., 162 S.W.3d 664, 668 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[T]he award of fees to a plaintiff recovering on a valid contract claim is mandatory under [s]ection 38.001 if there is proof of the reasonableness of attorney's fees."). Link maintains that section 38.001(8) applies even though it was awarded injunctive relief only, and no damages. *See Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 797 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (affirming award of attorney's fees under section 38.001 to party who obtained injunctive relief to enforce covenant not to compete).

The Salazars dispute that Link was a prevailing party, noting that Link was granted an injunction only after the trial court reformed and narrowed the noncompete provision. Further, the Salazars maintain that section 15.51(c) of the Act prohibits an award of attorney's fees when the trial court reforms the noncompete provision:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed, *except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.*

Tex. Bus. & Comm. Code § 15.51(c) (emphasis added). The Salazars contend that, because the trial court reformed the noncompete provision to the extent necessary to cause the noncompete limitations to be reasonable, the wording of the statute plainly states that the court "may not award the promisee damages for a breach of the covenant before its reformation and the relief shall be limited to injunctive relief." *Id.*

Further, the Salazars argue that, while Link's attorney-fee claim may have merit in cases not involving the enforcement of a noncompete provision, an award of attorney's fees to Link under section 38.001(8) of the Civil Practice and Remedies Code is preempted as provided in section 15.52 of the Act, titled "Preemption of Other Law":

> The criteria for enforceability of a covenant not to compete provided by Section 15.50 of this code and the procedures and remedies in an action to enforce a covenant not to compete provided by Section 15.51 of this code are exclusive and preempt any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise.

Tex. Bus. & Comm. Code § 15.52. Thus, the Salazars maintain, Link is limited to

6

the procedures and remedies available under section 15.51(c) because any other relief is preempted.

Additionally, the Salazars point out that other courts have held that the Act precludes an award of attorney's fees in similar circumstances. *See Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Perez v. Tex. Disposal Sys., Inc.*, 103 S.W.3d 591 (Tex. App.—San Antonio 2003, pet. denied); In *Perez*, the court evaluated whether section 38.001 applied to authorize an award of attorney's fees to an employer who sued to enforce a covenant not to compete when the trial court reformed the covenant not to compete and awarded no damages. 103 S.W.3d at 591–92. After surveying the statutory language and the relevant case law, the *Perez* court held that the trial court erred in awarding the employer attorney's fees under section 38.001. *Id.* at 594. In reaching this conclusion, the *Perez* court first held that fees were not available under section 15.51:

> An award of attorney's fees must be provided by the express terms of the statute in question and may not be supplied by implication. Here, the Legislature specified the remedies available to an employer and the circumstances under which the employer was entitled to those remedies and the Legislature specifically provided for an award of attorney's fees to an employee under certain circumstances. Therefore, we assume the omission of an award of attorney's fees to an employer when a contract is reformed has a purpose. We will not read an award of attorney's fees to an employer under these circumstances into Section 15.51(c) by implication.

*Id.* at 593 (quoting *Perez v. Tex. Disposal Sys, Inc.*, 53 S.W.3d 480, 482–83 (Tex. App.—San Antonio 2001), *rev'd and remanded*, 80 S.W.3d 593 (Tex. 2002)). The court then concluded that section 15.52 preempted the award of fees under any other law. *Id.* at 594.

In *Glattly*, an established air-starter manufacturer, Air Starter Components,

Inc. (ASCI), obtained a judgment awarding damages against a newly formed air-starter manufacturer and others, including a former ASCI employee, Fuentes, on claims of misappropriation of trade secrets and tortious interference with contract. 332 S.W.3d at 625–26. On appeal, ASCI contended that it was entitled to attorney's fees under its employment contract with Fuentes, which the trial construed as a covenant not to compete. *See id*. at 639–40, 644. The *Glattly* court agreed with the *Perez* court's holding that section 15.52 preempts an award of attorney's fees under any other law, *see id.* at 644–45, and so held that the trial court properly denied ASCI's requests for attorney's fees because the Act preempted the common law that a party may recover attorney's fees if provided for by contract. *Id*. at 645 (citing *Perez*, 103 S.W.3d at 594).

On appeal, Link makes two primary arguments to support its contention that the Act does not bar an award of attorney's fees: (1) the plain language of section 15.52 of the Act does not bar a fee award under the Civil Practice and Remedies Code; and (2) barring a prevailing employer's fee recovery under section 38.001 is contrary to the legislative purpose of relaxing the requirements for enforceability of covenants not to compete and removing barriers to their enforcement. Consequently, Link argues, *Perez* and *Glattly* do not control the disposition of this case, because those courts did not address the arguments Link advances here.

First, Link contends that a fee award under section 38.001(8) is not barred because an award of attorney's fees is not within the "zone of preemption" identified in section 15.52 of the Act. Link notes that section 15.52 expressly preempts all other "criteria for enforceability" of a covenant not to compete as well as "procedures and remedies" in suits to enforce covenants not to compete. *See* Tex. Bus. & Comm. Code § 15.52. An award of attorney's fees, Link posits, cannot be considered a "criteria for enforcement" or a "procedure," so attorney's

fees can only be preempted if they are a type of "remedy."

Link maintains, however, that an award of attorney's fees is not a type of "remedy." *See* BLACK'S LAW DICTIONARY 1407 (9th ed. 2009) (defining "remedy" as "[t]he means of enforcing a right or preventing or redressing a wrong"). Instead, Link asserts, attorney's fees are considered ancillary to the merits and akin to court costs, not legal remedies. *See Williams v. Compressor Eng'g Corp.*, 704 S.W.2d 469, 474 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (affirming an award of attorney's fees in a covenant not to compete case and stating that "attorney's fees are in the nature of costs, not damages"); *see also Huff v. Fid. Union Life Ins. Co.*, 312 S.W.2d 493, 501 (Tex. 1958) (noting that "attorney's fees are not part of the demand or claim, but are in the nature of a penalty, or punishment for failure to pay a just debt"); *Butler*, 51 S.W.3d at 797 (citing *Williams* and awarding prevailing employer fees under section 38.001).

Moreover, Link argues, section 38.001 supports its interpretation because under that section, a prevailing plaintiff is not entitled to attorney's fees unless it is first awarded a remedy. *See Butler*, 51 S.W.3d at 796; *see also Shook v. Walden*, 304 S.W.3d 910, 922 (Tex. App.—Austin 2010, no pet.) ("[C]hapter 38 explicitly distinguishes between the underlying claim for loss or injury and the attorney's fees the statute authorizes."). Likewise, Link asserts, section 15.51 of the Act defines an award of attorney's fees as a cost, not a remedy. For support, Link relies on the Act's fee-shifting provision in favor of employees if an employer seeks to enforce a covenant to an extent greater than was necessary to protect its goodwill or other business interest. *See* Tex. Bus. & Comm. Code § 15.51(c). The Act provides that in such a case "*the court may award the promisor the costs, including reasonable attorney's fees*, actually and reasonably incurred by the promisor in defending the action to enforce the covenant." *See id.* (emphasis added). Thus,

9

Link maintains, because an award of attorney's fees is not a "criteria for enforceability of a covenant not to compete," a "procedure," or a "remedy," it is not preempted by section 15.52. *See id.* § 15.52 (preempting "any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise").

Next, Link argues that the legislative history and circumstances of section 15.52's enactment show that the legislature did not intend to prevent an award of fees to a prevailing employer. The Supreme Court of Texas has explained that the Act was passed in 1989 in response to perceived judicial antagonism toward enforcing noncompete provisions, which the legislature viewed as impairing the state's economic development. *See Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 772–73 (Tex. 2011); *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 652–53 (Tex. 2006). In other words, "[t]he Act was passed to expand the enforceability of covenants not to compete." *Alex Sheshunoff Mgmt. Servs.*, 209 S.W.3d at 652. And although the Act did not originally contain a preemption provision, Link argues that the legislature added section 15.52 as part of an amendment in 1993 to clarify "that the statute prevailed over *contrary* common law" concerning the enforceability of covenants not to compete. *See id.* at 653 (emphasis added). According to Link, allowing attorney-fee awards to prevailing employers under section 38.001(8) is consistent with both the legislature's intent to expand the enforceability of covenants not to compete and the pre-Act common law. *See Williams*, 704 S.W.2d at 474.

Although Link argues robustly in defense of its interpretation, we conclude that Link's interpretation is contrary to the statutory scheme of the Act and the plain meaning of section 15.51(c). Section 15.50 of the Act provides that a covenant not to compete is enforceable "if it is ancillary to or part of an otherwise

10

enforceable agreement at the time the agreement is made" and "contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." Tex. Bus. & Comm. Code § 15.50(a). Section 15.51, which governs the procedures and remedies in actions to enforce covenants not to compete, reflects that the legislature expressly intended to permit an award of attorney's fees in certain circumstances but not in others. This conclusion is apparent when section 15.51(c) is reviewed in its entirety:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed, except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief. *If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services*, the promisor establishes that the promisee knew at the time of the execution of the agreement that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promisee, and the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promisee, *the court may award the promisor the costs, including reasonable attorney's fees*, actually and reasonably incurred by the promisor in defending the action to enforce the covenant.

*Id.* § 15.51(c) (emphasis added).

Viewed in its entirety, subsection (c) provides for an award of attorney's fees in a single circumstance: In the context of a personal-services agreement, attorney's fees may be awarded to a promisor who satisfies certain evidentiary requirements in defending against enforcement of an unreasonable covenant. *See id.* Link does not contend that this circumstance applies here. Notably, the legislature did not similarly provide for an award of attorney's fees to a promisee who seeks to enforce an unreasonable covenant not to compete that must be judicially reformed, as this one was.

Instead, the legislature expressly "limited" the "relief" available in the latter circumstance to "injunctive relief." *See id.* While courts generally consider attorney's fees to be a form of relief,[2] attorney's fees are not injunctive relief, and thus section 15.51(c) bars their recovery. Reviewed in context, this interpretation of section 15.51 is consistent with the policy and purposes of the Act. Section 15.50 reflects the legislature's intent to *encourage* the enforcement of reasonable covenants not to compete. Similarly, section 15.51 reflects the corollary intent to *discourage* the enforcement of unreasonable covenants not to compete by precluding a promisee from obtaining an award of either damages or attorney's fees when it seeks to enforce a covenant so overly restrictive that it requires reformation. To allow an award of attorney's fees under section 38.001(8), when the covenant was judicially reformed, would be contrary to the plain meaning of the more specific statute, section 15.51(c), which prohibits such an award.

---

[2] *See, e.g.*, *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 611–12 (Tex. 2012) (holding court's statement that "all relief not granted [is] denied" disposed of claim for attorney's fees); *Falls Cnty. v. Perkins & Cullum*, 798 S.W.2d 868, 871 (Tex. App.—Fort Worth 1990, no writ) (holding request for attorney's fees was affirmative claim for relief that survived nonsuit of declaratory judgment action); *Canales v. Zapatero*, 773 S.W.2d 659, 661 (Tex. App.—San Antonio 1989, writ denied) (discussing award of attorney's fees as "equitable relief" under the Declaratory Judgments Act).

12

The result we reach today is not contrary to this court's holding in *Williams* that attorney's fees may be awarded to an employer under section 38.001(8) when the trial court grants the employer injunctive relief but does not award damages. *See Williams*, 704 S.W.2d at 474. *Williams* was based on the common law and, even though the trial court reformed the covenant at issue in that case, the appellant never alleged that the covenant was unreasonable. *See id.* Therefore, *Williams* is not on point.

Thus, viewing the statutory scheme as a whole, Link is not entitled to attorney's fees under either the Act or section 38.001(8) of the Civil Practice & Remedies Code.

* * *

We overrule Link's issue and affirm the trial court's judgment.

/s/     Jeffrey V. Brown
        Justice

Panel consists of Justices Frost, Brown, and Busby.

13