# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00551-CV

---

**Phillip D. Greer, d/b/a Cabana Clean LLC, Appellant**

**v.**

**Sarah Najera and Heaven Scent Cleaning By Sarah, LLC, Appellees**

---

### FROM THE 483RD DISTRICT COURT OF HAYS COUNTY
### NO. 23-2748, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Phillip D. Greer, d/b/a Cabana Clean LLC (Greer) alleged claims against Sarah Najera and Heaven Scent Cleaning By Sarah, LLC (Najera) for misappropriation of trade secrets, breach of fiduciary duty, and breach of contract. The trial court granted Najera's motion for summary judgment and dismissed all claims with prejudice. In separate orders, the trial court granted Najera's motions to strike Greer's summary-judgment response and for $3,885.69 in attorney's fees. Greer appeals all three grants. We find the trial court erred in striking Greer's response and consider it in this appeal. Because Greer lacked standing to bring the claims against Najera, and Najera could not therefore satisfy the statutory predicate for the Section 15.51(c) of the Texas Business and Commerce Code attorney fee award, we vacate the trial court's orders granting summary judgment and awarding attorney's fees and dismiss the case for want of jurisdiction.

## BACKGROUND

Cabana Clean LLC hired Najera as a residential cleaner starting September 7, 2022. Cabana Clean LLC's employee handbook allegedly contained non-solicitation, noncompete, and confidentiality agreements. Najera took a leave of absence on November 7, 2022, and never returned to work. Najera began working as a residential cleaner on her own, and then formed "Heaven Scent Cleaning by Sarah, LLC."

On October 24, 2023, Greer, acting pro se, asserted the claims listed above. Greer identified himself as an individual plaintiff (doing business as Cabana Clean LLC) and identified Cabana Clean as a sole proprietorship. Najera filed a general denial, explaining she had never signed non-solicitation, noncompete, and confidentiality agreements with Cabana Clean LLC; she did not train with the company because she already knew how to clean houses; she "never purposefully solicited any clientele of Cabana Clean" or used its trade secrets or confidential information; and she is "just a mom with 5 children trying to provide." She requested that, if the case were to continue, she be awarded attorney's fees. She then hired counsel, who entered an appearance and made written discovery requests that were served on Greer.

Greer failed to respond to the written discovery requests, and Najera filed a motion for summary judgment. Najera provided evidence that Greer and two other managing members formed Cabana Clean LLC; Cabana Clean LLC hired and paid Najera but Najera did not enter into a non-compete agreement with Cabana Clean LLC; and the Texas Secretary of State forfeited "the charter, certificate or registration" of Cabana Clean LLC on March 10, 2023, pursuant to Section 171.309 of the Texas Tax Code.

Najera argued that Greer filed the suit on behalf of Cabana Clean LLC and that Cabana Clean LLC lacks capacity to bring suit because, under the Tax Code, if corporate privileges

2

of a corporation are forfeited under Subchapter 171, the corporation loses the right to sue or defend in court in Texas (citing Tex. Tax Code § 171.252). Alternatively, Najera argued that if Cabana Clean LLC has the capacity to bring suit, Cabana Clean LLC must be represented by a licensed attorney because a corporation may be represented only by a licensed attorney (citing *Kunstoplast of America, Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (1996)), and because Greer is not an attorney, his pro se filings in the suit constitute the unauthorized practice of law. Finally, she argued the claims fail as a matter of law because Najera failed to produce a copy of an agreement between Cabana Clean LLC and Najera and, in any event, Greer was not a party to any agreement that does exist. Najera did not file a verified plea under Rule 93(2) "[t]hat the plaintiff is not entitled to recover in the capacity in which he sues[.]" Tex. R. Civ. P. 93(2).

Greer filed a response, stating that the suit was filed on "behalf of himself" and that he never purported to represent or sue on behalf of Cabana Clean LLC. *See Prof'l Res. Plus v. Univ. of Tex., Austin*, No. 03-10-00524-CV, 2011 WL 749352, at *1 n.1 (Tex. App.—Austin Mar. 4, 2011, no pet.) (mem. op.) ("While a corporate entity may not appear pro se, a sole proprietorship is not a distinct legal entity from its sole proprietor, and therefore may appear pro se through its sole proprietor."). And he argued he has standing either because (1) he is allowed to file a derivative action on behalf of Cabana Clean LLC because he was a member of the LLC at the time that the alleged acts harming it took place (citing Tex. Bus. Orgs. Code § 101.452); (2) "all of the rights regarding these claims were . . . transferred to him when the LLC was dissolved"; or (3) "he has been assigned all rights to these causes of action from Cabana Clean, LLC." Greer alleged no personal cause of action nor any injury sustained distinct from injury to the LLC. He also argued that the written agreement is contained within the employee handbook, which he said

3

he had provided in a prior email to Najera's counsel. Greer attached the Cabana Clean Employee Handbook and his own affidavit attesting to the above.

Najera filed a motion to strike the response because a non-attorney cannot respond on behalf of an LLC and to disregard the attachments to the response because Greer had failed to respond to discovery requests and so had waived responses under Texas Rule of Civil Procedure 193.6. The trial court held a hearing on the motion to strike and the motion for summary judgment. Greer, who had filed a response to the motion to strike, did not appear. Najera argued that Greer is not a licensed attorney and cannot represent "the legal entity under which he sues" and Greer "never responded" to discovery and his "responses to discovery have been waived now." The trial court stated, "Okay" and "All right." Because Najera did not present evidence to prove attorney's fees, the trial court did not grant them at the hearing. Najera thereafter filed a motion for attorney's fees under Section 15.51(c) of the Texas Business and Commerce Code or Texas Rule of Civil Procedure 91a.7 and provided the trial court with evidence including the affidavit of counsel and billing records. Greer filed a response, asserting Najera was ineligible for attorney's fees because she had neither proved the requisite conditions to satisfy Section 15.51, nor filed a Rule 91a motion to dismiss. As stated above, the trial court granted the motion for summary judgment (dismissing Greer's claims against Najera with prejudice), the motion to strike Greer's summary judgment response (and to disregard the attachments to the response), and the motion for attorney's fees. This appeal followed.

4

## ANALYSIS

### *Strike of Response*

Greer argues that the trial court incorrectly struck his timely filed response to Najera's motion for summary judgment because he, an individual doing business as Cabana Clean LLC, not Cabana Clean LLC, is the plaintiff, and he is entitled to represent himself. Greer also argues that the trial court erred in striking the response because no rule or case law allows a trial court to strike a timely summary-judgment response because of some perceived or actual substantive inadequacy, citing *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 329 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Texas Rule of Civil Procedure 7 provides that any party to a suit may appear and prosecute or defend their rights either in person or by an attorney of the court. Tex. R. Civ. P. 7. While this rule preserves the right of individuals to represent themselves pro se, Texas courts have consistently interpreted it to permit self-representation only to litigate rights on the individual's own behalf—not to litigate rights in a representative capacity. *Kunstoplast*, 937 S.W.2d at 456. A non-attorney's attempt to appear for an LLC or present its case has no legal effect. *Sherman v. Boston*, 486 S.W.3d 88, 96 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

As noted above, Greer filed this suit on October 24, 2023. On March 10, 2023, the Texas Secretary of State, pursuant to Section 171.309 of the Texas Tax Code, forfeited the charter of Cabana Clean LLC. If the corporate privileges of a corporation are forfeited under subchapter 171, "the corporation shall be denied the right to sue or defend in a court of this state[.]"[1] Tex.

---

[1] Tex. Bus. Orgs. Code § 11.356(a)(1) provides for limited survival after termination under the business organizations or tax code. "Notwithstanding the termination of a domestic filing entity under this code or the Tax Code, the terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination only for purposes of:

Tax Code §§ 171.252, .2515; *see Transamerica Corp v. Braes Woods Condo Ass'n, Inc.*, 580 S.W.3d 733, 736 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Because Greer did not purport to represent Cabana Clean, LLC, he preserved the right to represent himself pro se, and the trial court abused its discretion in striking his response. Tex. R. Civ. P. 7. The trial court, however, properly disregarded the attached evidence in light of Rule 193.6.

Under that rule, a party who fails to make a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed unless the court finds that: (1) there was good cause for the failure to timely make the discovery response; or (2) the failure to timely make the discovery response will not unfairly surprise or unfairly prejudice the other parties. Tex. R. Civ. P. 193.6. The record reflects that Najera served written discovery requests to Cabana Clean on or about May 2, 2024, that discovery responses were due on June 3, 2024, and Cabana Clean failed to respond. After attempts to confer on June 4, 7, 10, and 11, Cabana Clean had still not responded to written discovery requests. We therefore consider the improperly struck response, but not the attached evidence, as part of our de novo review of the trial court's ruling on Najera's motion for summary judgment. *See Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 298 (Tex. App.—Dallas 2009, no pet.) (considering wrongfully struck response in summary judgment review); *Mid Continent Lift & Equip., LLC v. J. McNeill Pilot Car Serv.*, 537 S.W.3d 660, 675 (Tex. App.—Austin 2017, no pet.) (concluding trial court did not abuse its discretion in excluding evidence under Tex. R. Civ. P. 193.6).

---

(1) prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity[.]" Tex. Bus. Orgs. Code § 11.356(a)(1). The previous version of the statute, covering pre-September 1, 2023 terminations, did not apply to terminations under the Tax Code. *See Liss v. Cushman & Wakefield of Tex., Inc.*, No. 01-23-00481-CV, 2025 WL 1799618, at *12 (Tex. App.—Houston [1st Dist.] June 30, 2025, no pet.) (mem. op.).

## *Summary Judgment*

Greer argues here, as he had in his response to the summary judgment motion, that the suit was filed on "behalf of himself" and he does not have to be an attorney to bring the claims. And he argues he has standing either because (1) he is allowed to file a derivative action on behalf of Cabana Clean LLC because he was a member of the LLC at the time that the alleged acts harming it took place (citing Tex. Bus. Orgs. Code § 101.452) or (2) the LLC transferred or assigned all its rights to him. Regarding the merits of the claims, Greer argues that language in the employee handbook, turned over in discovery, contains the agreements underpinning his claims.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we resolve any doubts and indulge every reasonable inference in the non-movant's favor, unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or who conclusively establishes all the elements of an affirmative defense is entitled to summary judgment. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

As a prerequisite to subject-matter jurisdiction, standing can be raised in a motion for summary judgment, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000), or for the first time on appeal. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). Standing requires "a real controversy between the parties" that "will be actually determined by the

judicial declaration sought." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). "Without breach of a legal right belonging to the plaintiff no cause of action can accrue to his benefit." *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976).

A determination of standing focuses on whether a party has a "justiciable interest" in the outcome of the lawsuit, such as when it is personally aggrieved or has an enforceable right or interest. *Lovato*, 171 S.W.3d at 849. It is the nature of the wrong, whether directed against the entity only or against the individual stakeholder, and not the existence of injury, that determines who may sue. *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Typically, a claim-by-claim analysis is necessary to ensure that a particular plaintiff has standing to bring each of his claims. *Heckman v. Williamson County*, 369 S.W.3d 137, 153 (Tex. 2012).

An individual member of an LLC has no property interest in LLC assets. *See* Tex. Bus. Orgs. Code § 101.106(b) ("A member of a limited liability company or an assignee of a membership interest in a limited liability company does not have an interest in any specific property of the company."). An LLC is a legal entity separate from its members, and a member lacks standing to assert claims individually where the cause of action belongs to the company. *Sherman*, 486 S.W.3d at 94. In *Sherman*, the Fourteenth Court of Appeals reversed a judgment in favor of an LLC's sole member who had brought conversion claims individually on behalf of the LLC, because only the LLC—not the member—had the standing to assert claims belonging to the entity. *Id*. at 95. The First Court of Appeals applied this same principle in a case like this one, when a member tried to sue individually on a contract entered into by the LLC, which itself lacked capacity to sue due to charter forfeiture. *Liss v. Cushman & Wakefield of Tex., Inc.*, No. 01-23-00481-CV, 2025 WL 1799618 (Tex. App.—Houston [1st Dist.] June 30, 2025, no pet.)

8

(mem. op.). The court held that because "the undisputed summary judgment evidence established that the Jameses were not parties to the contract between C&W and Bay Area, the trial court properly granted summary judgment in favor of appellees on the Jameses' breach of contract claim." *Id*. at *17. The same is true here.

To prevail on a claim for violation of the Texas Uniform Trade Secrets Act, a plaintiff must prove (1) ownership of a trade secret; (2) misappropriation of the trade secret; and (3) an injury to the plaintiff or unjust enrichment to the defendant. Tex. Civ. Prac. & Rem. Code § 134A.002–.004. To prevail on a claim for breach of fiduciary duty, a plaintiff must prove (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). And to prevail on a breach-of-contract claim, a plaintiff must establish that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

But Greer presented no competent evidence that he, rather than Cabana Clean LLC, owned a trade secret; that Najera owed him, much less Cabana Clean LLC, a fiduciary duty; or that he, rather than Cabana Clean LLC was a party to any valid contract with Najera. Tex. Bus. Orgs. Code § 101.106(b). As discussed above, Cabana Clean LLC did not have capacity to sue Najera. And Greer cannot now assert Cabana Clean LLC's claims for it. *In re UMTH Gen. Services, L.P.*, 725 S.W.3d 424, 426, 429-30 (Tex. 2025) (concluding that shareholders could only pursue claims for injury to entity via derivative action, and although shareholders had "constitutional standing" to sue for their alleged financial losses, "[a]bsent both a personal cause

9

of action and an individual injury" separate from harm to the corporate entity, the shareholders lacked capacity to bring claims that the corporate entity owned); *Sherman*, 486 S.W.3d at 94-95; *Liss*, 2025 WL 1799618, *14 (recognizing rule holding that stakeholder in business organization has constitutional standing to sue for alleged loss in value of its interest in organization and finding it "inapposite because the Jameses are not bringing individual claims for lost value in the company, rather, they are attempting to assert Bay Area's claims"); *Hartsfield v. Hartsfield Cabinet LLC*, No. 05-21-00896-CV, 2022 WL 4103097, at *5 (Tex. App.—Dallas Sept. 8, 2022, no pet.) (mem. op.) (concluding summary judgment was improper partly because there was no evidence concerning whether LLC, or person who was "agent and owner of" that LLC, or both of them allegedly suffered damage).

Greer nevertheless argues that he has standing to raise the claims derivatively or as a successor in interest or assignee. A derivative proceeding is a civil suit in the right of a domestic corporation. Tex. Bus. Orgs. Code § 101.451. The statute allows a shareholder of a closely held corporation to bring a derivative proceeding in the right of the corporation but requires present member status from the "derivative proceeding" it codifies. *In re LoneStar Logo & Signs, LLC*, 552 S.W.3d 342, 350 (Tex. App.—Austin 2018, no pet.). Greer, again, asserts he is a sole proprietor not a present member of the LLC. *See Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc.*, 662 S.W.2d 951, 952 (Tex. 1983) ("a sole proprietorship has a legal existence only in the identity of the sole proprietor").

Simply operating as a sole proprietor does not transform a former member into a true successor in interest capable of asserting the entity's claims in his own name. A cause belonging to the LLC can reach a former member through an affirmative act of distribution, but only after all liabilities have been satisfied. Tex. Bus. Orgs. Code § 11.053. That is, the LLC must

first apply its property to discharge all its liabilities and obligations. *Id*. Only after all liabilities have been discharged or adequately provided for does the statute permit the LLC to distribute "the remainder of its property, in cash or in kind, to the domestic entity's owners according to their respective rights and interests." *Id*. An unasserted cause of action constitutes property of the LLC that can be distributed in kind to members through this affirmative statutory process, not automatically or by operation of law. Although Greer filed an affidavit asserting such a process, the trial court properly disregarded it based on Greer's failure to timely provide it as a discovery response. *See* Tex. R. Civ. P. 193.6. *See Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881-82 (Tex. 2009) (Rule 193.6 applies in summary judgment proceeding). Thus, there was no competent evidence before the trial court that the LLC's rights and interests were distributed to its members. The same is true for evidence of the alleged assignment of the causes of action.

Because the causes Greer alleged belonged to the LLC, and Greer lacked standing to bring them, the trial court had no jurisdiction over the claims. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008). Greer could have avoided this result by either reviving the LLC's corporate privileges and hiring an attorney to prosecute its claims or timely presenting evidence of the distribution of the right to sue, but he did not. *See* Tex. Tax Code § 171.312, Tex. Bus. Orgs. Code § 11.053.

As it stands, the trial court could not dismiss Greer's claims with prejudice because that is a final determination on the merits. *See Star Houston, Inc. v. Texas Dep't of Transp.*, 957 S.W.2d 102, 111–12 (Tex. App.—Austin 1997, pet. denied). We therefore vacate the trial court's order granting summary judgment and dismissing Greer's claims with prejudice. *See Texas Right to Life v. Van Stean*, 702 S.W.3d 348, 357 (Tex. 2024).

11

*Attorney's Fees*

Greer does not challenge the amount of the award of attorney's fees; he challenges Najera's entitlement to the award. Greer argues here, as he had to the trial court, that the trial court could not award attorney's fees under either the Texas Business and Commerce Code or the Texas Rules of Civil Procedure. The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). A prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute or by contract between the parties. *Id*. at 95. We agree with Greer that Najera was not entitled to attorney's fees under Rule 91a. "Rule 91a provides that a party who files a motion to dismiss is due attorney's fees when it prevails 'on the motion'—not on a later summary judgment motion asserting there is no genuine issue as to any material fact." *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 880 (Tex. 2018). Nor can we uphold the trial court's award as meeting the conditions for attorney fees under Section 15.51(c) of the Texas Business and Commerce Code. That statute provides:

> If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, the promisor establishes that the promisee knew at the time of the execution of the agreement that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promisee, and the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promisee, the court may award the promisor the costs, including reasonable attorney's fees, actually and reasonably incurred by the promisor in defending the action to enforce the covenant.

Tex. Bus. & Com. Code § 15.51(c). Thus, as a predicate to an award of attorney fees under this section, Najera was obligated to prove that (1) Greer knew at the time the employment agreement was executed that the covenant did not contain limitations on time, geographical area, and scope

12

of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect plaintiff's goodwill or other business interest, and (2) Greer sought to enforce the covenant to a greater extent than was necessary to protect its goodwill or other business interest. *See Boucher v. Thacker*, 609 S.W.3d 206, 208 n.7 (Tex. App.—Texarkana 2020, no pet.). Najera, instead, disavowed the existence of an agreement. Moreover, because Greer lacked standing to bring the enforcement action, the litigation never qualified as a cognizable "action to enforce the covenant" by a promisee entitled to enforce it—meaning the fundamental statutory predicate for the subsection 15.51(c) fee award was never satisfied. *See Franlink, Inc. v. GJMS Unlimited, Inc.*, 401 S.W.3d 705, 711 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (noting subsection (c) provides for award of attorney's fees only where defendant satisfies certain evidentiary requirements in defending against enforcement of an unreasonable covenant). We therefore vacate the award for attorney's fees.

## CONCLUSION

We vacate the trial court's orders granting summary judgment and awarding attorney's fees and dismiss the case for want of jurisdiction.

_____
Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Vacated and Dismissed for Want of Jurisdiction

Filed:   June 12, 2026